[Cite as *State v. Knight*, 2011-Ohio-3284.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24130 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-3916 |
| v. | : | |
| | : | (Criminal Appeal from |
| HEATHER N. KNIGHT | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIMOTHY J. COLE, Atty. Reg. #0084117, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RUSS B. COPE, Atty. Reg. #0083845, 7501 Paragon Road, Lower Level, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Heather N. Knight appeals from her conviction and sentence  for one count of Forgery, in violation of R.C. 2913.31(A)(3), following her no-contest plea.  She contends that the trial court erred by overruling her motion to suppress statements she made to a police officer without having been given the warnings required by

*Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

{¶ 2} We conclude that evidence in the record supports the trial court's conclusion that Knight was not in custody while she was being interrogated, so that there was no need to administer *Miranda* warnings at that time. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 3} Some time after midnight, while on patrol, Englewood Police Officer Stephen Tharp received an alert that a counterfeit $50 bill had been passed at the Thunderbowl bowling lanes in Englewood. He was told that a female suspect got into a white Mercury and fled south on State Route 48, with three other occupants in the car.

{¶ 4} Tharp saw a white vehicle traveling south on Route 48, driven by a woman, with three other occupants. He stopped the vehicle. He had the driver, Heather Knight, get out of the car.

{¶ 5} Tharp asked Knight where she was coming from. She said she was coming from the Englewood Wendy's fast-food restaurant. He asked her if she was at the Thunderbowl, and she responded in the negative.

{¶ 6} Another officer, Ring, arrived as soon as Tharp stopped the vehicle. Meanwhile, two other police officers went to the Thunderbowl to get a description from the clerk who had notified the police. They got a description of the woman who had passed the counterfeit bill, and relayed that description to Tharp by radio. Knight matched the description.

{¶ 7} Tharp then told Knight that she had been identified as having been at the Thunderbowl, and she admitted that she had been there. Tharp then asked Knight if purchased drinks at the Thunderbowl with a fifty-dollar bill. She said that a friend of hers who was shooting pool had given her a fifty-dollar bill to purchase the drinks.

{¶ 8} Ring then contacted an on-duty detective, who advised the officers with Knight to arrest her. She was arrested. *Miranda* warnings were administered. Knight was not questioned at that time, and she made no statements.

{¶ 9} On cross-examination, Tharp testified that traffic was light, and he did not see any other white Mercury cars on Route 48 at that time.

{¶ 10} Knight moved to suppress the statements she made to Tharp. Following a hearing, her motion was overruled. Thereafter, she pled no contest, was found guilty, and was sentence to community control sanctions. From her conviction and sentence, Knight appeals.

II

{¶ 11} Knight's sole assignment of error is as follows:

{¶ 12} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO SUPPRESS."

{¶ 13} Knight contends that she was in custody while she was being interrogated by Tharp. Therefore, warnings under *Miranda v. Arizona* were required; they were not given; and so the statements she made in response to custodial interrogation must be suppressed.

{¶ 14} The dispositive issue is whether Knight was in custody for purposes of

*Miranda*. This depends upon whether there was "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *State v. Biros* (1997), 78 Ohio St.3d 426, 440. This requires an inquiry into how a reasonable person in the defendant's situation would have understood her situation. Id.

{¶ 15} We have cited the following factors as relevant to that inquiry:

{¶ 16} "(1) What was the location where the questioning took place-i.e., was the defendant comfortable and in a place a person would normally feel free to leave? For example, the defendant might be at home as opposed to being in the more restrictive environment of a police station;

{¶ 17} "(2) Was the defendant a suspect at the time the interview began (bearing in mind that Miranda warnings are not required simply because the investigation has focused);

{¶ 18} "(3) Was the defendant's freedom to leave restricted in any way;

{¶ 19} "(4) Was the defendant handcuffed or told he was under arrest;

{¶ 20} "(5) Were threats were made during the interrogation;

{¶ 21} "(6) Was the defendant physically intimidated during the interrogation;

{¶ 22} "(7) Did the police verbally dominate the interrogation;

{¶ 23} "(8) What was the defendant's purpose for being at the place where questioning took place? For example, the defendant might be at a hospital for treatment instead of being brought to the location for questioning;

{¶ 24} "(9) Were neutral parties present at any point during the questioning;

{¶ 25} "(10) Did police take any action to overpower, trick, or coerce the defendant into making a statement." *State v. Estepp* (November 26, 1997), Montgomery App. No.

16279.

{¶ 26} Of these factors, only the second and third clearly point in the direction of custodial interrogation. Knight was at least a suspect in the Forgery, and she was not free to leave during the roadside detention. The first factor – the "comfort zone" of the defendant's surroundings – is intermediate between the comfort of home and the discomfort of a police interrogation at a police station, being the scene of a roadside stop, but outside the defendant's vehicle. We do not see this factor as inclining in either direction.

{¶ 27} The remaining factors all incline against finding custodial interrogation. Knight, not the police, chose that she should be on Route 48 at the time of the stop and interrogation – the eighth factor; and all the other factors clearly incline against Knight's having been under a restraint upon her freedom to an extent associated with a formal arrest.

{¶ 28} In *State v. Raine*, Cuyahoga App. No. 90681, 2008-Ohio-5993, the Eighth District Court of Appeals reversed a suppression order under circumstances similar to the one in the case before us. The car the defendant was driving in that case was stopped on reasonable suspicion of criminal activity, and the defendant and the only passenger were ordered out of the car. The police officer interrogated the defendant without administering *Miranda* warnings. The court of appeals held that the defendant in that case was not in custody for *Miranda* purposes.

{¶ 29} Knight attempts to distinguish *Raine*, supra, on the basis that in that case, unlike in her case, the defendant was told why he was being stopped. We see no reason why this should make a difference. The difference between an investigatory stop and an arrest was articulated in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, albeit for

reasons unrelated to *Miranda* warnings. In *Terry*, the defendant was grabbed by the police officer, spun around to face his two companions, and frisked for weapons. When the initial frisk was inconclusive, the defendant and his companions were made to enter a store, where the officer could perform a more thorough frisk. At no time was the defendant in *Terry*, or his companions, told why they were being stopped. And yet, the United States Supreme Court held that this was an investigatory stop, not a custodial arrest.

{¶ 30} We conclude that upon the evidence in the record before us, a reasonable person in Knight's position would not have believed herself to have been under arrest, or its custodial equivalent, before she was, in fact, arrested and given *Miranda* warnings. Knight's sole assignment of error is overruled.

III

{¶ 31} Knight's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Timothy J. Cole
Russ B. Cope
Hon. Barbara P. Gorman